UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON DAVID CARDENAS-HERNANDEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-07831-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. No. 2) |

On September 24, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 3.) On September 25, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of respondent's position in this regard. (*Id.*)

On September 27, 2026, respondent filed an answer to the petition for writ of habeas corpus. (Doc. No. 6.) Therein, respondent argues that while maintaining "the position that 8

U.S.C. § 1225(b)(2)(A) governs here[,]" . . . [r]espondent acknowledges, however, that . . . the Ninth Circuit ha[s] rejected that position and held that § 1226(a)" applies to those detained in the interior of the United States such as petitioner. (*Id.* at 1) (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)). Respondent further argues that although petitioner is entitled to seek a custody re-determination hearing before an immigration judge ("IJ"), he is not entitled to any relief beyond a bond hearing as authorized by statute. (*Id.*) Respondent has not stated any opposition to the court's stated intention to rule on the pending petition based on the briefing currently before it, despite being directed to address that question, and the court will do so.

Based on the parties' submissions, the court finds the following facts. Petitioner entered the United States on or about May 20, 2012. (Doc. No. 1 at 9.) On or about August 13, 2026, petitioner was transferred from local custody in Oklahoma to the custody of ICE pursuant to a warrant. (Doc. No. 6-1 at 2, 5.) That same day, ICE served petitioner with a notice to appear and conducted an initial custody determination where an ICE officer determined that petitioner would remain detained pending the resolution of his removal proceedings. (Doc. No. 6-1 at 6–11.) After his initial custody determination, petitioner requested a custody redetermination hearing before an IJ. (*Id.* at 10.) There is no indication that petitioner received the requested custody re-determination hearing.

The court incorporates its reasoning set forth in *Escamilla-Santiago v. Andrews*, No. 1:26-cv-07443-DAD-CSK (HC), 2026 WL 3206205, at *1–3 (E.D. Cal. Oct. 26, 2026), where the court concluded that the government's failure to promptly provide the petitioner with a custody re-determination hearing after he requested one when he signed the Form I-286 violated due process. Here, the Form I-286 offered in support of respondent's answer reveals that petitioner requested a custody re-determination hearing before an IJ. (Doc. No. 6-1 at 10.) As noted above, there is no evidence that petitioner received that hearing despite requesting one. Accordingly, pursuant to the reasoning set forth in *Escamilla-Santiago*, the court concludes that petitioner's detention violates due process and will order his immediate release.

/////

/////

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Wilson David Cardenas-Hernandez, A-File No. 222-558-091, from respondent's custody;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE